UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD KUPSKY,

        Plaintiff,

        v.                              Case No. 21-cv-0218-bhl

CO WOLF, et al.,

        Defendants.

## SCREENING ORDER

Ronald Kupsky, a Wisconsin state prisoner who is representing himself, filed a complaint alleging that the defendants violated the Prison Rape Eliminate Act (PREA). This order screens and dismisses the complaint.

### SCREENING STANDARD

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well

as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS

Kupsky is an inmate at the Waupun Correctional Institution (WCI). Dkt. No. 1 at 1. Defendants are Warden Brian Foster, Security Director Tony Meli, Correctional Officer Wolf, and WCI (the institution). *Id*. at 1-2. Kupsky alleges that "WCI is a gross environment that allows staff to sexually harass inmates without consequence." *Id*. at 2. He claims that on October 18, 2017, Wolf said out-loud, "Kupsky won't have sex with me because I'm too old for him." *Id*. Kupsky immediately filed an inmate complaint over the inappropriate comment, but the Institution Complaint Examiner (ICE) told him they could not do anything and referred the issue to Foster. *Id*. at 2-3.

2

Kupsky complains that Foster also failed to act on his allegations. *Id*. at 3. Foster did not interview him, nor did he open a PREA file. *Id*. Kupsky states that Tony Meli is the PREA compliance manager, who should have reviewed his allegations about Wolf. *Id*. For relief, Kupsky seeks monetary damages, transfer to a new institution, and for the defendants to be "fired" and "banned" from WCI. *Id*. at 4.

## ANALYSIS

To state a claim for relief under 42 U.S.C. §1983, Kupsky must allege that he was "deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Kupsky fails to state a claim upon which relief can be granted. First, although Kupsky claims defendants violated the PREA, the statute does not create a private right of action. *See J.K.J. v. Polk Cty.*, No. 15-cv-428-WMC, 2017 WL 28093, at *12 (W.D. Wis. Jan. 3, 2017); *Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017); *Garness v. Wisconsin Dep't of Corr.*, No. 15-cv-787-BBC, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016). Accordingly, Kupsky cannot pursue claims against defendants for violating the PREA.

Second, even if the Court were to recast Kupsky's claims as alleging violations of his Constitutional rights, the complaint would still fail to state a claim. As to Wolf, while the statement Kupsky alleges that Wolf made to him was improper, the law is clear that verbal harassment does not violate the Eighth Amendment. *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). As the Seventh Circuit has explained, "repugnant words…will seldom rise to an Eighth Amendment violation" because "[r]elationships between

3

prisoners and prison staff are not always marked by genteel language and good manners." *Lisle*, 933 F.3d at 719.  As to Foster and Meli, Kusky's complaint that they failed to investigate Wolf's inappropriate comment after it happened, likewise fails to state a claim.  The Constitution does not require prison officials to investigate or otherwise correct wrongdoing after it has happened. *See Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  Finally, WCI is not a suable entity under §1983. *See e.g. McDaniel v. Waupun Corr. Inst.*, No. 18-CV-208, 2018 WL 1709413, at *3 (E.D. Wis. Apr. 9, 2018)("WCI is not a proper defendant because it is building and not a person that may sued under § 1983.")  Kupsky thus also cannot proceed against WCI.

Kupsky has provided no rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).  The Court will dismiss this case.

## CONCLUSION

**IT IS ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The clerk's office shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the clerk's office shall document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

Dated at Milwaukee, Wisconsin this 8th day of March, 2021.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.